```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


OASIS MARKET, INC.              :        CIVIL ACTION
                                :
     v.                         :
                                :
GETTY PETROLEUM MARKETING,      :
INC., et al.                    :        NO. 07-cv-4138-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    July 21, 2008

In April 1999, plaintiff, as franchisee, entered into a franchise agreement with the defendant Exxon Mobil, in connection with a filling station being operated by plaintiff. The term of the franchise was 10 years. In 2000, Exxon Mobil assigned the franchise agreement to Conoco Phillips, which later reassigned the agreement to Getty Petroleum. The agreement was later assigned to Lukoil Oil Company.

In September 2007, plaintiff filed this action in the Court of Common Pleas of Chester County, by means of a document entitled "Action for Declaratory Judgment – Complaint to Declare Written PMPA Franchise Agreement Terminated and Null and Void." Named as defendants were all of the oil companies which, in succession, had been plaintiff's franchisors. Plaintiff alleged that it had been damaged by the successive assignments of the franchise. Plaintiff not only sought cancellation of the franchise agreement as of a date in February 2007, but also claimed damages, treble damages, counsel fees, etc.

Exxon Mobil, by stipulation of all the parties, removed the case to this court. Shortly thereafter, in October 2007, counsel for Exxon Mobil wrote a letter to plaintiff's counsel, pointing out that Exxon Mobil had terminated its interest in plaintiff's activities in 2000; that the assignment was expressly permitted by the franchise agreement; and that plaintiff would be well advised to withdraw the complaint, insofar as Exxon Mobil was concerned.

Indeed, paragraph 12.7 of the Franchise Agreement attached to plaintiff's complaint clearly permitted the assignment, and rules out any possible claim by plaintiff against Exxon Mobil.

Not long after receiving the above letter, plaintiff's counsel telephoned Exxon Mobil's counsel, advising that plaintiff would probably withdraw all claims against Exxon Mobil, but that he needed time in order to communicate with his client further. Because of an illness in the family of plaintiff's owner, there was some further delay, but in December 2007, plaintiff's counsel notified defense counsel that the case would be withdrawn as to Exxon Mobil, and shortly thereafter sent a form of release, which had already been signed by plaintiff.

Counsel for Exxon Mobil took the position that, because of the delay, Exxon Mobil would no longer be willing to settle the case unless plaintiff also agreed to pay Exxon Mobil's

counsel fees, allegedly provided for in paragraph 20.6(b) of the Franchise Agreement.

In the meantime, the case had been referred to arbitration, and the arbitration hearing was imminent. Plaintiff had reached settlements with all of the other defendants, and all parties agreed that the arbitration hearing should not take place. Plaintiff's counsel notified the deputy clerk that the arbitration hearing would not be required, because the case had been settled. Thereupon, I entered an Order dismissing the action pursuant to L.R. Civ. P. 41(b).

Exxon Mobil has filed a motion to vacate the dismissal order, because (a) before it was entered, Exxon Mobil had filed a motion for judgment on the pleadings which had not been ruled upon, and (b) that defendant's claim of entitlement to counsel fees had not yet been resolved.

The sole remaining disputes are between plaintiff and Exxon Mobil. All of the other parties are satisfied with the final dismissal of the action. And, since plaintiff has in fact withdrawn all claims against Exxon Mobil, there is no reason to vacate the final judgment of dismissal of the action. If defendant wishes to pursue its claim for counsel fees, that can be done post-judgment.

In that connection, the parties might wish to consider (1) the likelihood of an award of defense counsel's fees incurred after early December 2007 seems remote; and (2) there is room for

argument that the original assignment of the franchise agreement precludes Exxon Mobil from entitlement to enforce the counsel fee agreement in paragraph 20.6(b).  I express no firm opinion on these subjects, which will be resolved in the event the defendant seeks an award of counsel fees.

     An Order follows.

```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

OASIS MARKET, INC.              :        CIVIL ACTION
                                :
     v.                         :
                                :
GETTY PETROLEUM MARKETING,      :
INC., et al.                    :        NO. 07-cv-4138-JF

### ORDER

AND NOW, this 21st day of July 2008, IT IS ORDERED:

1.  The motion of defendant Exxon Mobil to vacate this Court's 41(b) Order dated March 25, 2008 is DENIED.

2.  Defendant's motion for judgment on the pleadings is DISMISSED as moot.

3.  The defendant Exxon Mobil may, within 10 days, apply for an award of counsel fees.  Plaintiff may respond to any such application within 5 days thereafter.

                                        BY THE COURT:


                                        /s/ John P. Fullam
                                        John P. Fullam,  Sr. J.